784 So.2d 285 (2000)
CAPITOL CHEVROLET AND IMPORTS, INC., d/b/a Capitol Chevrolet GEO; and General Motors Corporation
v.
Robert GRANTHAM and Marcia Grantham.
1990404.
Supreme Court of Alabama.
November 17, 2000.
*286 Patricia J. Ponder, E. Luckett Robinson II, and Norman M. Stockman of Hand Arendall, L.L.C., Mobile, for appellants.
Micheal S. Jackson and Nancy Jo Rainer of Beers, Anderson, Jackson, Nelson, Hughes & Patty, P.C., Montgomery, for appellees.
BROWN, Justice.
Capitol Chevrolet and Imports, Inc., d/b/a Capitol Chevrolet GEO ("Capitol Chevrolet"), and General Motors Corporation ("GM"), defendants in an action pending in the Montgomery Circuit Court, appeal from the trial court's order denying their motions to compel arbitration. We reverse and remand.
On November 24, 1997, Robert Grantham purchased a 1997 Chevrolet S-10 Blazer from Capitol Chevrolet. Shortly after the purchase, Mr. Grantham and his wife began experiencing problems with the vehicle; primarily, the problems related to a defective keyless-entry system. The Granthams returned the vehicle to Capitol Chevrolet several times for repairs to correct what they referred to as "numerous defective and malfunctioning parts." On May 14, 1998, Marcia Grantham was injured when someone entered the Blazer and robbed her. The Granthams allege that the assailant was able to enter the vehicle because the power locks were malfunctioning.
The Granthams sued Capitol Chevrolet, alleging breach of contract, breach of an express and implied warranty, and negligent inspection and repair. Capitol Chevrolet moved to stay the action and to compel arbitration of the Granthams' claims, based upon an arbitration agreement. The arbitration agreement, signed by Robert Grantham, states, in pertinent part:

*287 "Buyer/lessee acknowledges and agrees that the vehicle buyer/lessee is purchasing or leasing from dealer has traveled in interstate commerce. Buyer/lessee thus acknowledges that the vehicle and other aspects of the sale, lease or financing transaction are involved in, affect, or have a direct impact upon, interstate commerce.
"Buyer/lessee and dealer agree that all claims, demands, disputes or controversies of every kind or nature between them arising from, concerning or relating to any of the negotiations involved in the sale, lease or financing of the vehicle, the terms and provisions of the sale, lease or financing agreements, the arrangements for financing, the purchase of insurance, extended warranties, service contracts or other products purchased as an incident to the sale, lease or financing of the vehicle, the performance or condition of the vehicle, or any other aspects of the vehicle and its sale, lease or financing shall be settled by binding arbitration conducted pursuant to the provisions of the Federal Arbitration Act, 9 U.S.C. Section 1 et seq. and according to the Commercial Rules of the American Arbitration Association. Without limiting the generality of the foregoing, it is the intention of the buyer/lessee and the dealer to resolve by binding arbitration all disputes between them concerning the vehicle, its sale, lease or financing, and its condition, including disputes concerning the terms and conditions of the sale, lease or financing, the condition of the vehicle, any damage to the vehicle, the terms and meaning of any of the documents signed or given in connection with the sale, lease or financing of the vehicle, or negotiations for the sale, lease, or financing of the vehicle, or any terms, conditions, representations or omissions made in connection with the financing, credit life insurance, disability insurance, vehicle extended warranty or service contract or other products or services acquired as an incident to the sale, lease or financing of the vehicle.
"... Buyer/lessee and dealer further agree that any question regarding whether a particular controversy is subject to arbitration shall be decided by the arbitrator.
"This agreement is binding upon, and inures to the benefit of, buyer/lessee and dealer and the officers, employees, agents and affiliated entities of each of them. This agreement will survive payment of buyer/lessee's obligations and any termination, cancellation or performance of the transactions between buyer/lessee and dealer.
"BUYER/LESSEE AND DEALER UNDERSTAND THAT THEY ARE AGREEING TO RESOLVE THE DISPUTES BETWEEN THEM DESCRIBED ABOVE BY BINDING ARBITRATION, RATHER THAN BY LITIGATION IN ANY COURT."
(Emphasis in original.)
In opposition to the motion to compel arbitration, the Granthams argued that the arbitration agreement could not be enforced because it was a contract of adhesion and because Capitol Chevrolet, they said, had obtained the agreement in a fraudulent manner. They further argued that the arbitration agreement could not be enforced against Marcia Grantham, because she was not a signatory to the agreement.
On January 22, 1999, the Granthams amended their complaint to include GM, the manufacturer of the vehicle, as a defendant. The amended complaint alleged that Capitol Chevrolet had acted as an agent of GM and, therefore, that GM was vicariously liable for the acts of Capitol *288 Chevrolet. GM moved to compel arbitration based upon the arbitration agreement signed by Robert Grantham.
On October 18, 1999, the trial court entered the following order:
"Capitol Chevrolet's Motion to Compel Arbitration is DENIED IN PART and GRANTED IN PART. Capitol Chevrolet's Motion is DENIED as to Marcia Grantham. The Motion is DENIED as to Robert Grantham's claim for negligence. The motion is GRANTED as to Robert Grantham's claims for breach of contract and breach of warranty. Robert Grantham is ORDERED to submit to arbitration his claims for breach of contract and breach of warranty.
"General Motors' Motion to Compel Arbitration is DENIED IN PART and GRANTED IN PART. General Motors' Motion to Compel Arbitration is DENIED as to Marcia Grantham. The Motion is DENIED as to Robert Grantham's claim for negligence. The motion is GRANTED as to Robert Grantham's claims for breach of contract and breach of warranty. Robert Grantham is ORDERED to submit to arbitration his claims for breach of contract and breach of warranty."

I.
Capitol Chevrolet contends that the trial court erred in denying its motion to compel arbitration of Robert Grantham's claim alleging negligent inspection and repair. The Granthams argue that this Court should affirm the trial court's ruling, on three theories. The first theory is that the arbitration provision is an unenforceable contract of adhesion. The Granthams presented no evidenceonly their bare allegations that would support a finding that the arbitration agreement was an adhesion contract. Thus, in accordance with this Court's decisions in Ex parte Brown, 781 So.2d 178 (Ala.2000); Ex parte Smith, 736 So.2d 604 (Ala.1999); Jim Burke Automotive, Inc. v. Murphy, 739 So.2d 1084 (Ala. 1999); and Med Center Cars, Inc. v. Smith, 727 So.2d 9 (Ala.1998), we reject the Granthams' argument that the arbitration provision was an unenforceable contract of adhesion.
The Granthams next argue that the arbitration provision was fraudulently induced. We disagree. "A party must provide evidence of fraud in the inducement, particularly related to the arbitration clause, in order to avoid arbitration." Ex parte Perry, 744 So.2d 859, 863 (Ala. 1999). The basis of the fraudulent-inducement claim is an alleged misrepresentation by the finance manager that the arbitration agreement would allow any complaints or problems to be resolved faster than they would be resolved by the court system. The Granthams argue that the finance manager did not inform them that they were waiving the right to a trial by jury. However, the arbitration agreement clearly stated, in bold capital letters, that "buyer/lessee and dealer understand that they are agreeing to resolve the disputes between them described above by binding arbitration, rather than by litigation in any court."
Finally, the Granthams contend that the trial court correctly denied the motion to compel arbitration because, they contend, the claims alleging negligent inspection and repair were not within the scope of the arbitration provision. We disagree. As noted earlier, the arbitration agreement signed by Robert Grantham covers "all claims, demands, disputes or controversies of every kind or nature between [the buyer and the dealer] arising from, concerning or relating to ... the performance or condition of the vehicle, or any other aspects of the vehicle." The *289 agreement further provides for arbitration of any disputes concerning "other products or services acquired as an incident to the sale, lease or financing of the vehicle." The Granthams' claim of negligent inspection and repair relates to the performance and condition of the vehicle, as well as to services acquired incident to the sale of the vehicle, and it is, therefore, encompassed by the broad arbitration clause.
We further note that the arbitration agreement clearly provides that any "question regarding whether a particular controversy is subject to arbitration shall be decided by the arbitrator."
Therefore, we reverse the trial court's order denying Capitol Chevrolet's motion to compel arbitration as to Robert Grantham's negligence claim.

II.
Capitol Chevrolet next argues that the trial court erred in denying its motion to compel arbitration of Marcia Grantham's claims. The Granthams contend that, because Marcia Grantham did not sign the arbitration agreement, she cannot be compelled to submit her claims against Capitol Chevrolet to arbitration. We note that Marcia Grantham did not sign any documents related to the sale of the vehicle.
This case is similar to Ex parte Warren, 718 So.2d 45 (Ala.1998). In that case, a husband and wife sued a contractor, alleging breach of contract and fraud. The fraud claim was based on alleged misrepresentations in the contract. As in the instant case, only the husband signed the contract. The Warrens brought their claims as coparties to the contract; however, Mrs. Warren conceded in her brief that she was not a party to the contract containing the arbitration agreement. Mrs. Warren further alleged that she was not a third-party beneficiary of that contract. This Court held:
"In her efforts to avoid arbitration, Mrs. Warren has conceded that she has no right to recover under the contract, by disavowing any status as a party to the contract or as a third-party beneficiary. Also, because she has disavowed any status as a party to the contract, she has no claim based on fraud in the inducement of that contract."
Ex parte Warren, 718 So.2d at 47.
The undisputed evidence demonstrates that Marcia Grantham was a nonsignatory to the sales contracts executed by Robert Grantham and Capitol Chevrolet. She also denies that she is a third-party beneficiary under her husband's contract with Capitol Chevrolet. Thus, in her effort to avoid arbitration, Marcia Grantham has effectively conceded that she has no right to recover under the sales contract. In order to maintain her claims, Marcia Grantham must be treated as a third-party beneficiary. It is well established that a third-party beneficiary is afforded all the rights and benefits, and has imposed upon him or her the burdens, of a contract, including those benefits and burdens associated with arbitration. Ex parte Stamey, 776 So.2d 85 (Ala.2000). Therefore, Marcia Grantham cannot base her claims on the contract executed between her husband and Capitol Chevrolet, and at the same time seek to avoid the arbitration agreement. See Infiniti of Mobile, Inc. v. Office, 727 So.2d 42 (Ala.1999); Delta Constr. Corp. v. Gooden, 714 So.2d 975 (Ala.1998); and Ex parte Dyess, 709 So.2d 447 (Ala.1997).

III.
GM argues that the arbitration agreement between Robert Grantham and Capitol Chevrolet also entitles GM to compel arbitration of the Granthams' claims *290 against GM. Several of this Court's recent arbitration decisions stand for the proposition that in cases where the arbitration agreement is specifically limited to claims that arise between the parties to the contract, the nonsignatory will not be entitled to enforce the arbitration agreement. Parkway Dodge, Inc. v. Yarbrough, 779 So.2d 1205 (Ala.2000); Ex parte Stamey, supra; First Family Fin. Servs., Inc. v. Rogers, 736 So.2d 553 (Ala.1999); and Med Center Cars, Inc. v. Smith, 727 So.2d 9 (Ala.1998). However, in this case, the Granthams allege that an agency relationship existed between GM and Capitol Chevrolet. The arbitration agreement provides that arbitration "is binding upon, and inures to the benefit of, buyer/lessee and dealer and the officers, employees, agents and affiliated entities of each of them." Based upon the language presented here and upon the Granthams' allegation of an agency relationship, we conclude that the arbitration agreement binds not only Capitol Chevrolet, but also GM.
For the foregoing reasons, the trial court's order is reversed and the case is remanded.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, HOUSTON, SEE, and JOHNSTONE, JJ., concur.
LYONS, J., concurs in part and concurs in the result in part.
LYONS, Justice (concurring in part and concurring in the result in part).
As to Part I, I concur in the result as to that portion dealing with the question whether the claims in this action fall within the scope of the arbitration clause. Because such questions are reserved to the arbitrator, this Court should not answer them. See Green Tree Fin. Corp. v. Wampler, 749 So.2d 409 (Ala.1999). Otherwise, I concur as to Part I.
As to Part II, I concur, and, as to Part III, I concur in the result.