Cook's Pest Control, Inc. ("Cook's"), is a defendant in an action pending in the Mobile Circuit Court. It appeals from an order denying its motion to compel arbitration of the plaintiffs' claims. We affirm.
 I. Facts and Background
Earnestine Allen was a patient in the Intensive Care Unit at Knollwood Park Hospital ("Knollwood") in September 1999. She claims that while she was there she was bitten more than 300 times by fire ants. On January 18, 2000, Allen, through her attorney-in-fact, Burton Boykin, sued Knollwood and its administrator, Steve Simmons, alleging negligence and wantonness.
During the course of discovery, Allen learned that at the time of her alleged injury Cook's Pest Control was under contract to provide pest-control services to Knollwood. In July 2000, Allen amended her complaint to name Cook's as an additional defendant, alleging negligence, wantonness, and breach of contract (claiming standing as a third-party beneficiary of the contract between Cook's and Knollwood). On August 18, 2000, Cook's produced its contract with Knollwood, which contains an arbitration provision, and filed a "Motion to Dismiss or Alternatively to Compel Arbitration and Stay Litigation."
On the day before the scheduled hearing on the motion, Allen moved to amend her complaint, seeking to dismiss the breach-of-contract claim. She also filed an objection to the motion to compel arbitration, arguing that the arbitration clause was unconscionable, that Cook's had not demonstrated that the contract had a substantial effect on interstate commerce, and that her claims against Cook's were not based on the contract between Knollwood and Cook's. Cook's contends that at the hearing the trial court stated that it would not consider the amended complaint in connection with its ruling on the motion to compel arbitration. There is no record of the hearing; however, Allen does not contradict this contention. The record reflects that the trial court granted the motion to amend the complaint on September 12, 2000, and on September 13, 2000, entered its order denying the motion to compel arbitration. The propriety of allowing the amendment is not before us. For the purposes of this appeal, Allen's complaint stands as amended, and the sole basis of Cook's appeal is the order denying its motion to compel arbitration.
 II. The Arbitration Clause
The text of the contract clause at issue is as follows:
 "ALTERNATIVE DISPUTE RESOLUTION. As an inducement to Cook's Pest Control, Inc. (Cook's) to enter into a service agreement with the customer, the parties hereto agree as follows: (1) ANY DISPUTE, CONTROVERSY OR CLAIM ARISING OUT OF OR RELATING TO THE SERVICE AGREEMENT OR THE BREACH THEREOF OR ARISING OUT OF ANY PRIOR *Page 526 
OR FUTURE DEALINGS BETWEEN COOK'S AND CUSTOMER SHALL BE SETTLED BY ARBITRATION IN THE STATE OF CUSTOMER'S RESIDENCE AND IN ACCORDANCE WITH THE COMMERCIAL ARBITRATION RULES OF THE AMERICAN ARBITRATION ASSOCIATION. . . ."
(Capitalization original, emphasis added.)
 III. Analysis
It is black-letter law that arbitration agreements must be enforced according to general standards of contract law. See Quality Truck AutoSales, Inc. v. Yassine, 730 So.2d 1164, 1167-68 (Ala. 1999). Accordingly, "`a party cannot be required to submit to arbitration any dispute he has not agreed to submit.'" Old Republic Ins. Co. v. Lanier,644 So.2d 1258, 1260 (Ala. 1994) (quoting A.G. Edwards Sons, Inc. v.Clark, 558 So.2d 358, 362 (Ala. 1990)). It is the general rule that a nonsignatory to an arbitration agreement cannot be forced to arbitrate her claims. See Ex parte Stripling, 694 So.2d 1281 (Ala. 1997);Thomson-CSF, S.A. v. American Arbitration Ass'n, 64 F.3d 773 (2d Cir. 1995). It is undisputed that Allen is not a signatory to the contract between Knollwood and Cook's. Consequently, there are only two means by which she could be bound to arbitrate her claims, neither of which applies to the facts of this case.
 A. Third-Party-Beneficiary Status
The first means by which Allen could be forced to arbitrate her claims against Cook's would be under a theory that she is a third-party beneficiary to the contract. This Court has on several occasions addressed the issue of when a nonsignatory to a contract can be bound by an arbitration agreement contained therein. In Georgia Power Co. v.Partin, 727 So.2d 2 (Ala. 1998), an employee sued, alleging negligence, wantonness, and breach of contract against the owner and operators of a loading facility; the trial court refused to enforce an arbitration agreement contained in the contract. This Court stated the general rule that "[i]t is . . . clear that a third-party beneficiary cannot accept the benefit of a contract, while avoiding the burdens or limitations of that contract." 727 So.2d at 5. Because the plaintiff had specifically invoked the contract as a basis for his action, he could not avoid certain elements of the contract. Justice Shores, in her dissent, expressed the implicit holding of that case when she wrote that "the plaintiffs could have avoided arbitration by not amending their complaint to state a contract claim." Id. at 8.
This Court had earlier analyzed the issue whether a third-party beneficiary could be compelled to arbitrate, in Ex parte Dyess,709 So.2d 447 (Ala. 1997). Because Dyess had sued upon a contract, this Court held that he could not avoid the arbitration clause found therein. We also noted that "`[a] party claiming to be a third-party beneficiary of a contract must establish that the contracting parties intended, upon execution of the contract, to bestow a direct, as opposed to an incidental, benefit upon the third party.'" Id. at 450 (quoting WeathersAuto Glass, Inc. v. Alfa Mut. Ins. Co., 619 So.2d 1328, 1329 (Ala. 1993)). See also Ex parte Stamey, 776 So.2d 85 (Ala. 2000) (holding that the intent of the parties as expressed in the contract determines whether a nonsignatory is a third-party beneficiary).
Cook's also relies on our recent opinion in Capitol Chevrolet Imports, Inc. v. Grantham, 784 So.2d 285 (Ala. 2000), for the proposition that a third party's claims can be so dependent upon a contract that a mere disavowal of third-party-beneficiary *Page 527 
status cannot defeat a properly supported motion to compel arbitration. Under the facts of Grantham, that was the correct conclusion. However, under the facts of this present case, it appears Allen relies on theories of recovery that do not depend upon the existence of the contract. To the extent that she can prove the prima facie elements of her case against Cook's without reference to the contract between Cook's and Knollwood, she is not bound by the arbitration agreement.
Allen has specifically disavowed any status as a third-party beneficiary. Allen amended her complaint to remove any reference to her being a third-party beneficiary, the trial court allowed the amendment, and Cook's has not attempted to have this Court review the order allowing that amendment. Because Allen has not invoked the benefits of the contract, she cannot be considered a third-party beneficiary; thus, she is not burdened by the contract and cannot be compelled to arbitrate her claims against Cook's under a third-party-beneficiary theory.
 B. "Intertwining-Claims" Theory
We recognize a second exception to the general rule that nonsignatories cannot be bound to arbitrate their claims: If a nonsignatory's claims are "intertwined with" and "related to" the contract, arbitration can be enforced. See, e.g., Ex parte Napier, 723 So.2d 49 (Ala. 1998); SunkistSoft Drinks, Inc. v. Sunkist Growers, Inc., 10 F.3d 753 (11th Cir. 1993); Dunn Constr. Co. v. Sugar Beach Condo. Ass'n, Inc.,760 F. Supp. 1479 (S.D.Ala. 1991). However, Allen's complaint makes substantial allegations of negligence on the part of Cook's and Knollwood that are independent of any contractual obligations.
Our cases recognizing "intertwining claims" as a basis for compelling arbitration have typically involved arbitration clauses broad enough to embrace intertwined claims (see the discussion in Subpart C., below) and allegations of a conspiracy between the nonsignatory and the signatory to the arbitration agreement. See Ex parte Isbell, 708 So.2d 571 (Ala. 1997). However, this is not such a case. Consequently, the claims are not subject to arbitration under the doctrine of intertwining.
 C. Scope of the Agreement
The narrow scope of the arbitration agreement serves as an independent basis for affirming the trial court's order denying Cook's motion to compel arbitration of Allen's claims against Cook's. The text of the arbitration clause limits its application to disputes arising between Cook's and the "customer" (Knollwood). See Part II. ("The Arbitration Clause"), supra. This Court has held that a nonsignatory cannot require arbitration of a claim by the signatory against the nonsignatory when the scope of the arbitration agreement is limited to the signatories themselves. See Southern Energy Homes, Inc. v. Gary, 774 So.2d 521 (Ala. 2000). Here, a signatory (Cook's) is trying to require arbitration by a nonsignatory (Allen), where the scope of the arbitration agreement can be read as being limited to disputes between Cook's and Knollwood. We have recognized that the rule requiring that a contract be construed most strongly against the party who drafted it applies to an agreement to arbitrate. See Homes of Legend, Inc. v. McCollough, 776 So.2d 741 (Ala. 2000). We conclude that Cook's is attempting to enforce the clause beyond its scope, and the motion to compel arbitration fails for this reason. Although Allen did not raise this in her arguments to this Court, we can affirm the trial court's order for any valid legal reason. See Smith v.Equifax Servs., Inc., 537 So.2d 463, 465 (Ala. 1988). *Page 528 
 IV. Conclusion
We affirm the order denying Cook's motion to compel arbitration.
AFFIRMED.
Houston, Johnstone, and Woodall, JJ., concur.
Moore, C.J., concurs in the result.