Conseco Finance Corporation appeals from the trial court's order denying its motion to compel arbitration. As to that order, we affirm. Conseco also appeals from the trial court's order denying its motion to dismiss pursuant to Rule 12(b)(6), Ala.R.Civ.P. William Mac Sharman, as executor of the estate of Samuel Joseph Martin, deceased, and as executor of the estate of Flora Jean Martin, deceased, filed a motion with this Court to dismiss Conseco's appeal as to the denial of its motion to dismiss. We grant Sharman's motion.
 I. Facts
Timothy Paul Martin was appointed attorney-in-fact for his stepmother, Flora Jean Martin, and his father, Samuel Martin, pursuant to durable general powers of attorney executed by Flora Jean and Samuel on December 2, 1999. Timothy was appointed purportedly to handle their business affairs while they were ill. Twenty days after he was appointed, Timothy, acting under the power of attorney obtained from Flora Jean, conveyed to his wife, Elizabeth Shaw Martin, the home Flora Jean owned and in which she and Samuel were then living. On December 27, 1999, Elizabeth conveyed the property to Timothy. On the same date the property was conveyed from Elizabeth to Timothy, Timothy obtained a loan from Conseco. In connection with that loan, he executed a note and a mortgage on the property in favor of Conseco to secure the note. The note contained an arbitration provision. The stated purpose for the loan was to finance renovations to the residence occupied by Flora Jean and Samuel. Flora Jean died on January 26, 2000, and Samuel died on February 2, 2000. Subsequently, Timothy obtained a loan from Norwest Mortgage, Inc., and executed a note and a mortgage on the property he had acquired through the use of the power of attorney in favor of Norwest. Under the terms of the loan documents evidencing the loan from Norwest, Timothy's note to Conseco was paid in full.
The arbitration clause at issue is contained in the note to Conseco signed by Timothy. It provides:
 "All disputes, claims, or controversies arising from or relating to this Agreement or the relationships which result from this Agreement, or the validity of this arbitration clause or the entire Agreement, shall be resolved by binding arbitration by one arbitrator selected by *Page 892 
Lender with Borrower's consent. . . . The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort, and property disputes, will be subject to binding arbitration in accord with this agreement. . . ."
 II. Procedural Posture
Sharman filed an action against Conseco and others, including Timothy and Elizabeth, charging Conseco with conspiracy to defraud.[1] Conseco moved to stay the proceedings and to compel arbitration. Timothy and Elizabeth also moved to compel arbitration. While those motions were pending, Sharman proceeded with discovery. Conseco filed a motion to stay discovery pending a ruling on its motion to compel arbitration, and the trial court denied the motion to stay discovery. Conseco then moved to dismiss the complaint, pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted. After a hearing, the trial court denied Conseco's motion to dismiss and denied the motions to compel arbitration filed by Conseco and by Timothy and Elizabeth. Conseco appeals from the orders denying its motion to dismiss and its motion to compel arbitration. Timothy and Elizabeth do not appeal.
 III. Standard of Review
In American General Finance, Inc. v. Morton, 812 So.2d 282, 284-85
(Ala. 2001), Justice Harwood succinctly stated the governing standard of review:
 "This Court reviews the denial of a motion to compel arbitration de novo. Green Tree Fin. Corp. v. Vintson, 753 So.2d 497, 502 (Ala. 1999); Patrick Home Ctr., Inc. v. Karr, 730 So.2d 1171, 1172 (Ala. 1999). The party seeking to compel arbitration has the initial burden of proving the existence of a contract calling for arbitration and proving that the contract evidences a transaction substantially affecting interstate commerce. TranSouth Fin. Corp. v. Bell, 739 So.2d 1110, 1114 (Ala. 1999); Sisters of the Visitation v. Cochran, 775 So.2d 759 (Ala. 2000). `[A]fter a motion to compel arbitration has been made and supported, the burden is on the nonmovant to present evidence that the supposed arbitration agreement is not valid or does not apply to the dispute in question.' Jim Burke Auto., Inc. v. Beavers, 674 So.2d 1260, 1265 n. 1 (opinion on application for rehearing) (Ala. 1995)."
 IV. Enforceability of the Arbitration Agreement
Conseco established the existence of a contract, executed by Timothy. The terms of the contract are broadly phrased to embrace "[a]ll disputes, claims, or controversies arising from or relating to [the] Agreement . . . or the validity of [the] arbitration clause or the entire Agreement." Through the affidavit of its assistant general counsel, Conseco offered evidence to support its contention that the transaction underlying the dispute had a substantial effect upon interstate commerce. Counsel's affidavit stated that the financing for Conseco's loan to Timothy was generated outside Alabama and was forwarded through interstate commerce to Alabama, the site of the origination of the loan. The face of the note reflects a St. Paul, Minnesota, address for the lender, Conseco, and states that payments are to be remitted to a Conseco office in Tempe, Arizona. Sharman does not challenge the sufficiency of Conseco's showing that the transaction had a substantial effect on interstate commerce. *Page 893 
Sharman opposes arbitration on the grounds that the agreement is invalid and that, even if the agreement is valid, as a nonsignatory, he cannot be compelled to arbitrate. We address the latter contention first. In Cook's Pest Control, Inc. v. Boykin, 807 So.2d 524 (Ala. 2001), we recognized the general rules that arbitration agreements must be enforced according to general standards of contract law, Quality Truck Auto Sales, Inc. v. Yassine, 730 So.2d 1164, 1167-68 (Ala. 1999), and that a party cannot be required to submit to arbitration any dispute it has not agreed to submit, Old Republic Ins. Co. v. Lanier,644 So.2d 1258, 1260 (Ala. 1994). We also noted the general rule that a nonsignatory to an arbitration agreement cannot be forced to arbitrate his or her claims, citing Ex parte Stripling, 694 So.2d 1281 (Ala. 1997); and Thomson-CSF, S.A. v. American Arbitration Ass'n, 64 F.3d 773
(2d Cir. 1995). It is undisputed in this case that neither of the decedents executed the note containing the arbitration agreement. Moreover, Timothy executed the note in his individual capacity, not as donee of the powers of attorney given by Flora Jean and Samuel. Consequently, Sharman, as executor of their estates, stands in their shoes and is thus a nonsignatory to the agreement.
We have recognized two theories under which Sharman, as a nonsignatory, could be bound to arbitrate his claims on behalf of the estate. First, as we noted in Cook's Pest Control, Sharman could be forced to arbitrate his claims against Conseco under a theory that both decedents were third-party beneficiaries to the contract. However, unless Sharman is claiming benefits under the contract, he has not accepted the benefits of the contract and therefore is not saddled with its burdens.
The complaint as initially filed describes transactions between the various defendants and Timothy arising from Timothy's allegedly fraudulent dealings in the affairs of his stepmother and his father. As those allegations relate to Conseco, they describe steps taken to secure a note and a mortgage on the property; the complaint then charges Conseco, as well as each of the other defendants, with conspiracy to defraud. In the first amended complaint, Sharman added a claim alleging slander of title against Conseco and certain other defendants. In the second amended complaint, Sharman alleged that Conseco and certain other defendants had made false representations and had conspired to defraud, thereby intentionally interfering with the expectancy of the decedents' heirs. The allegations of the complaint do not establish any claim asserted by Sharman as a third-party beneficiary to the contract containing the arbitration clause. Consequently, Sharman cannot be required, as a nonsignatory, to arbitrate his claims against Conseco by reason of the arbitration provision in the agreement between Conseco and Timothy.
The only other basis for requiring Sharman, as a nonsignatory, to arbitrate his claims against Conseco arises under the doctrine of "intertwining," where arbitrable and nonarbitrable claims are so closely related that the party to a controversy subject to arbitration is equitably estopped to deny the arbitrability of the related claim. InCook's Pest Control, we observed that "[i]f a nonsignatory's claims are `intertwined with' and `related to' the contract, arbitration can be enforced. See, e.g., Ex parte Napier, 723 So.2d 49 (Ala. 1998); SunkistSoft Drinks, Inc. v. Sunkist Growers, Inc., 10 F.3d 753 (11th Cir. 1993)[, cert. denied, 513 U.S. 869 (1994)]; Dunn Constr. Co. v. SugarBeach Condo. Ass'n, Inc., 760 F. Supp. 1479 (S.D.Ala. 1991)." 807 So.2d at 527. However, we have held that the doctrine of intertwining does not apply when there is no ongoing arbitration *Page 894 
between the parties to the arbitration agreement. See Southern EnergyHomes, Inc. v. Kennedy, 774 So.2d 540, 545 (Ala. 2000), observing that "`intertwining' requires at least two threads to weave together — one cannot intertwine a single thread." Here, Timothy, the signatory to the agreement, did not appeal the order denying arbitration, and the issue whether that order would have been affirmed had he appealed is not before us. Consequently, the doctrine of intertwining does not permit Conseco to arbitrate. The trial court's order denying arbitration is, therefore, affirmed. Because we hold that Conseco is not entitled to arbitrate Sharman's claims against it, we need not reach Sharman's contention that the contract is invalid.
 V. Sharman's Motion to Dismiss
Conseco also appeals the trial court's interlocutory denial of its motion to dismiss for failure to state a claim upon which relief can be granted. Sharman has moved to dismiss this aspect of Conseco's appeal. Sharman's motion is well taken. The denial of a Rule 12(b)(6) motion is not appealable unless this Court has granted permission to appeal pursuant to Rule 5, Ala.R.App.P. See Robinson v. Computer Servicenters,Inc., 360 So.2d 299 (Ala. 1978). Conseco did not seek permission to appeal the interlocutory order. We therefore grant Sharman's motion to dismiss Conseco's appeal as to the trial court's order denying Conseco's Rule 12(b)(6) motion.
AFFIRMED IN PART; APPEAL DISMISSED IN PART.
Moore, C.J., and Houston, See, Brown, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.
[1] None of the other defendants are parties to this appeal.