Green Tree-AL, L.L.C., appeals from the trial court's order denying its motion to compel arbitration. We affirm in part, reverse in part, and remand.
 I. Factual Background and Procedural History
On October 26, 2001, Brian Reynolds refinanced an existing loan with Conseco Finance Corp.-Alabama, now known as Green Tree-AL, L.L.C. ("Green Tree").[1] The loan was secured by a mortgage on real property; events associated with fore-closure on the property precipitated the underlying litigation. One of the documents Brian Reynolds executed in connection with the loan was a promissory note to Green Tree. The note contained the following arbitration provision:
 "9. ARBITRATION
 "All disputes, claims, or controversies arising from or relating to the extension of credit evidenced by this Note or the relationships which result therefrom, or the validity of this arbitration clause or the entire Note, shall be resolved by binding arbitration by one arbitrator selected by Note Holder with my consent. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, Title 9 of the United States Code. Judgment upon the award rendered may be entered in any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right or opportunity to litigate disputes in court, but that they prefer to resolve their disputes through arbitration, except as provided herein. THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL, EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY NOTE HOLDER AS PROVIDED HEREIN. The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort, and property disputes, will be subject to binding arbitration in accord with this Agreement. I agree that I shall not have the right to participate as a representative or a member of any class of claimants pertaining to any claim arising from or relating to the extension of credit evidenced by this Note. The parties agree and understand that the arbitrator shall have all powers provided by law and the Note. These powers shall include all legal and equitable remedies, including, but not limited to, money damages, declaratory relief, and injunctive relief. Notwithstanding anything hereunto [sic] the contrary, Note Holder retains an option to use judicial or nonjudicial relief to enforce a security agreement relating to the collateral secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation or to foreclose on the collateral. Such judicial relief would take the form of a lawsuit. The institution and maintenance of an action for judicial relief in a court to foreclose upon any collateral, to obtain a monetary judgment or to enforce the security agreement, shall not constitute a waiver of the right of any party to *Page 473 
compel arbitration regarding any other dispute or remedy subject to arbitration in this Note, including the filing of a counterclaim in a suit brought by Note Holder pursuant to this provision. For purposes of this arbitration clause, the term `parties' means Note Holder and the undersigned borrower(s), collectively."
Brian Reynolds defaulted on the loan. Green Tree thereafter foreclosed on the property and purchased the property at a foreclosure sale on January 14, 2003. Green Tree sold the property to James Ray and Cheryl Ray on October 27, 2004. Meanwhile, on October 22, 2004, Brian Reynolds deeded a portion of the mortgaged property to Gamble Properties, L.L.C. On November 5, 2004, Gamble Properties deeded that property to Fletcher Reynolds, Brian Reynolds's father.
The Rays, as successors to the purchaser at the foreclosure sale, sued Brian Reynolds, Fletcher Reynolds, and Gamble Properties (hereinafter sometimes referred to collectively as "the Reynolds parties") in an action seeking to quiet title and alleging slander of title. The Reynolds parties then filed a third-party complaint against Green Tree. The third-party complaint alleged that the mortgage Brian Reynolds had executed was incorrectly prepared by Green Tree in that Brian Reynolds did not intend to convey to Green Tree all of the property described in the mortgage. The Reynolds parties sought reformation of the mortgage.
Green Tree filed a motion to compel arbitration of the third-party complaint pursuant to the arbitration provision contained in the note executed by Brian Reynolds. Fletcher Reynolds and Gamble Properties opposed the motion with affidavits denying that they had agreed to arbitrate their disputes with Green Tree; Brian Reynolds did not oppose the motion. The trial court entered an order denying Green Tree's motion to compel arbitration. Green Tree appealed from that order.
 II. Standard of Review
"`[T]he standard of review of a trial court's ruling on a motion to compel arbitration at the instance of eitherparty is a de novo determination of whether the trial judge erred on a factual or legal issue to the substantial prejudice of the party seeking review.'" Vannv. First Cmty. Credit Corp., 834 So.2d 751, 752-53 (Ala. 2002) (quoting Ex parte Roberson, 749 So.2d 441, 446
(Ala. 1999)). Accord, General Motors Corp. v. StokesChevrolet, Inc., 885 So.2d 119, 121 (Ala. 2003).
 III. Analysis
The party seeking to compel arbitration has the initial burden of proving that a contract calling for arbitration exists and that that contract evidences a transaction substantially affecting interstate commerce. American Gen. Fin., Inc. v.Morton, 812 So.2d 282, 284 (Ala. 2001). After a motion to compel arbitration has been made and properly supported, the burden then shifts to the nonmovant to present evidence that the arbitration agreement is invalid or that it does not apply to the subject dispute. Id. In this case, Green Tree had the initial burden of establishing the existence of a contract calling for arbitration that evidenced a transaction that substantially affected interstate commerce.
 A. Brian Reynolds
Green Tree met its initial burden as to Brian Reynolds. The promissory note that Brian Reynolds signed containing the arbitration provision was submitted to the trial court and is a part of the record before this Court. The commercial loan evidenced by the note, in which the proceeds moved from a bank in Minnesota to a bank in Alabama, is clearly a transaction *Page 474 
that substantially affected interstate commerce. In arguing that the transaction had no substantial affect upon interstate commerce, Brian Reynolds relies on Sisters of theVisitation v. Cochran Plastering Co., 775 So.2d 759
(Ala. 2000). Because Sisters of the Visitation is no longer the controlling law as to this point, his reliance on that case is misplaced. See Citizens Bank v. Alafabco,539 U.S. 52, 123 S.Ct. 2037, 156 L.Ed.2d 46 (2003); and JimWalter Homes, Inc. v. Saxton, 880 So.2d 428 (Ala. 2003). Therefore, the burden of persuasion shifted to Brian Reynolds to establish that he had a valid defense to the enforcement of the arbitration provision or that the arbitration provision is inapplicable. Brian Reynolds did not oppose Green Tree's motion to compel arbitration and thus failed to meet his burden; therefore, the trial court erred in denying the motion to compel arbitration as to Brian Reynolds. Morton,812 So.2d at 284.
 B. Gamble Properties and Fletcher Reynolds
As to Gamble Properties and Fletcher Reynolds, Green Tree cannot meet its burden. Neither Gamble Properties nor Fletcher Reynolds signed the promissory note with Green Tree. The arbitration provision in the note defines the term "parties" to mean the holder of the note and "the undersigned borrower(s), collectively." Because Brian Reynolds was the sole signatory to the note, Gamble Properties and Fletcher Reynolds are not included in the definition of the parties to whom the arbitration provision applies. There is no contract between Green Tree and Gamble Properties or between Green Tree and Fletcher Reynolds.
Nevertheless, Green Tree argues that Gamble Properties and Fletcher Reynolds should be required to arbitrate their claims against it. Green Tree first argues that it is entitled to compel arbitration of Gamble Properties and Fletcher Reynolds's claims against it pursuant to the doctrine of equitable estoppel. This Court has held, however, that equitable estoppel is not applicable in a situation where the terms of the arbitration provision specifically limit arbitration to the parties who have executed the agreement, as is the case here.Monsanto Co. v. Benton Farm, 813 So.2d 867 (Ala. 2001).
Green Tree next argues that Gamble Properties and Fletcher Reynolds should be compelled to arbitrate their claims against Green Tree because, it says, their claims are intertwined with Brian Reynolds's claims against Green Tree. This Court discussed the doctrine of intertwining in SouthTrust Bankv. Ford, 835 So.2d 990 (Ala. 2002):
 "The doctrine of intertwining is applicable where arbitrable and nonarbitrable claims are so closely related that the party to a controversy subject to arbitration is equitably estopped from denying the arbitrability of the related claim. See, e.g., Ex parte Tony's Towing, Inc., 825 So.2d 96
(Ala. 2002); Oakwood Mobile Homes, Inc. v. Godsey, [824 So.2d 713 (Ala. 2001)]; Cook's Pest Control, Inc. v. Boykin, 807 So.2d 524
(Ala. 2001).
 ". . . .
 ". . . [T]he doctrine of estoppel is applicable only to estop a signatory from avoiding arbitration. See Ex parte Tony's Towing, Inc., supra (noting that a nonsignatory cannot be estopped from avoiding arbitration and recognizing that the equitable principle of intertwining is applicable only where a signatory to the arbitration agreement seeks to frustrate a nonsignatory from obtaining arbitration). Because arbitration is strictly a matter of contract, this Court has no authority, even under the doctrine of *Page 475 
equitable estoppel, to compel parties to arbitrate if they have not agreed to do so."
835 So.2d at 994-95. Both Gamble Properties and Fletcher Reynolds submitted affidavits in opposition to Green Tree's motion to compel arbitration. Fletcher Reynolds testified as follows in his affidavit:
 "I am not a party nor have I been a party to any note that exist [sic] between Brian Reynolds that was entered or mortgage that was entered between Brian Reynolds and Conseco. . . . I have never signed an Arbitration Agreement with Conseco or Green Tree or any of their affiliated entities."
Jim Gamble, the president and managing partner of Gamble Properties, testified as follows in his affidavit:
 "I have never been involved in the financing transaction between Brian Reynolds and Conseco Finance Corporation of Alabama nor with any involvement of any contracts between Brian Reynolds and Green Tree-Alabama, L.L.C. In particular, I was not a party to nor was I aware of [sic] until these documents were filed with the Court that certain note dated October 26, 2001. . . . Nowhere am I a party to that transaction nor does my signature appear thereon."
Because Gamble Properties and Fletcher Reynolds did not agree to submit their claims against Green Tree to arbitration, the doctrine of intertwining is not applicable to any claims they assert against Green Tree. SouthTrust Bank v.Ford, 835 So.2d at 994-95; Ex parte Tony's Towing,Inc., 825 So.2d 96, 98-99 (Ala. 2002). Gamble Properties and Fletcher Reynolds never contracted with Green Tree to arbitrate anything; therefore, the trial court properly denied Green Tree's motion to compel arbitration as to them.
Finally, Green Tree argues that Gamble Properties and Fletcher Reynolds should be compelled to arbitrate their claims against Green Tree because, it says, they are third-party beneficiaries to the contract between Green Tree and Brian Reynolds.
 "This Court has held that a nonsignatory can be bound by an arbitration provision when the nonsignatory is an intended third-party beneficiary of the contract containing the arbitration provision. See Edward D. Jones Co. v. Ventura, 907 So.2d 1035
(Ala. 2005), and Ex parte Dyess, 709 So.2d 447
(Ala. 1997). `[I]n order for a person to be a third-party beneficiary of a contract, the contracting parties must have intended to bestow benefits on third parties.' Locke v. Ozark City Bd. of Educ., 910 So.2d 1247, 1251 (Ala. 2005) (citing H.R.H. Metals, Inc. v. Miller, 833 So.2d 18, 24
(Ala. 2002)); see also Ex parte Stamey, [776 So.2d 85 (Ala. 2000)] (holding that the intent of the parties as expressed in the contract determines whether a nonsignatory is a third-party beneficiary)."
UBS Fin. Servs., Inc. v. Johnson, 943 So.2d 118,122 (Ala. 2006). Nothing before us indicates that Brian Reynolds or Green Tree intended to bestow benefits on Gamble Properties or Fletcher Reynolds as third-party beneficiaries. Absent a showing that Green Tree and Brian Reynolds intended to benefit Gamble Properties or Fletcher Reynolds when Brian Reynolds executed the promissory note to Green Tree in 2001 in connection with his loan, neither Gamble Properties nor Fletcher Reynolds can be considered a third-party beneficiary to the note. Therefore, neither of them is bound by the arbitration provision in the note executed by Brian Reynolds. *Page 476 
 IV. Conclusion
We affirm the trial court's order denying Green Tree's motion to compel arbitration as to Gamble Properties and Fletcher Reynolds. The trial court, however, erred in denying Green Tree's motion to compel arbitration as to Brian Reynolds. We therefore reverse that order insofar as it denied the motion to compel arbitration as to Brian Reynolds, and we remand this cause for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
COBB, C.J., and STUART and MURDOCK, JJ., concur.
BOLIN, J., concurs in the result.
[1] On February 3, 2003, Conseco Finance Corp.-Alabama filed for bankruptcy protection in Illinois. In connection with that bankruptcy proceeding, Conseco Finance Corp.-Alabama continued operations as Green Tree-AL, L.L.C.