

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2009

# Owen Troxelle v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3773

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Owen Troxelle v. USA" (2009). *2009 Decisions.* Paper 1642.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1642

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-102                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3773
_____

OWEN BRITTON TROXELLE,
                                                    Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 08-cv-03442)
District Judge:  Honorable Berle M. Schiller
_____

Submitted for Possible Summary Action Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6
February 12, 2009

Before:  McKEE, FISHER and CHAGARES, <u>Circuit Judges</u>

(Filed: March 30, 2009)
_____

OPINION
_____

PER CURIAM

        Owen Britton Troxelle filed a pro se complaint in the District of Columbia against

the United States of America.  The case was transferred to the Eastern District of

Pennsylvania in June 2008.  On July 25, 2008, the District Court dismissed the action as

legally and factually unintelligible, noting that despite reasonable efforts to discern the nature of Troxelle's claims the court was unable to understand the harm alleged or the relief sought. Troxelle filed a motion for "Correction of Records and Proper Situs of Case" and a motion for reconsideration, both of which the court denied. In its order denying reconsideration, the District Court noted that the case was closed and that it would consider no further pleadings from Troxelle.[1] Troxelle appealed and the United States moved for summary affirmance of the District Court's order. For the following reasons, we will affirm.

Although not a model of clarity, Troxelle's complaint is factually intelligible. He brings suit under the Takings Clause of the Fifth Amendment and the Trading with the Enemy Act of 1917, 50 U.S.C. app. §§ 9, 10. The basis of his claim appears to be that "liability" and involuntary servitude were imposed upon him when his parents requested a birth certificate and a social security number for him and that continued use of these identifying documents by state and federal agencies is fraudulent. Troxelle also asserts that he was "falsely registered directly or indirectly" under the Trading with the Enemy Act. All of these actions allegedly violate his property rights. He seeks millions of dollars in damages, as well as injunctive relief requiring various federal and state entities

---

[1]Because the District Court expressly closed the action and barred any further pleadings from Troxelle, Troxelle cannot cure the defect in his complaint and its dismissal is appealable under 28 U.S.C. § 1291. Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d cir. 1976) (per curiam).

2

to correct their records and to cease violating the law. In support of his complaint, Troxelle submitted numerous exhibits, including correspondence with the Pennsylvania Department of Transportation, the Pennsylvania Division of Vital Records, and the United States Attorney General's Office in which he makes complaints, requests a criminal investigation, and submits invoices for damages due for alleged improper actions.

Although we can understand what is presented in the complaint, we agree with the District Court that the complaint is legally unintelligible in that it lacks an arguable basis in law or cognizable cause of action. Cf. Neitzke v. Williams, 490 U.S. 319, 327 (1989). Thus, we will summarily affirm the District Court's order dismissing the complaint. Accordingly, we grant the government's motion for summary affirmance and deny Troxelle's motions for a protective order and for reinstatement of the case.[2]

---

[2]Troxelle filed a "Motion for a Protective Order" and a "Motion to Move This Court for Reinstatement of Case" in which he notified this Court of missing documents related to his complaint and provided those documents. We construe these motions as responses to Appellee's motion for summary affirmance and note that we have reviewed the filings.