PARKER, Justice.
American Suzuki Motor Corporation (“American Suzuki”) petitioned this Court for a writ of mandamus directing the Lauderdale Circuit Court to grant its motion to dismiss, on the basis of Rule 12(b)(1), Ala. R. Civ. P., or Rule 12(b)(6), Ala. R. Civ. P., the claims filed against it by John Burns and Jill S. Hearn (hereinafter referred to collectively as “the plaintiffs”). “The denial of a motion to dismiss ... generally is not reviewable by a petition for writ of mandamus, subject to certain narrow exceptions, such as the issue of immunity.” Ex parte Haralson, 853 So.2d 928, 931 n. 2 (Ala.2003) (citing Ex parte Liberty Nat’l Life Ins. Co., 825 So.2d 758, 761-62 (Ala.2002)). Furthermore, “[t]he denial of a Rule 12(b)(6) motion is not appealable unless this Court has granted permission to appeal pursuant to Rule 5, Ala. R.App. P.” Conseco Fin. Corp. v. Sharman, 828 So.2d 890, 894 (Ala.2001) (citing Robinson v. Computer Servicenters, Inc., 360 So.2d 299 (Ala.1978)). We conclude that the plaintiffs’ claims against American Suzuki are due to be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Ala. R. Civ. P., and we treat American Suzuki’s petition as a petition for permission to appeal pursuant to Rule 5, Ala. R.App. P.[1] We grant the permission, *322 and we reverse the trial court’s order denying American Suzuki’s motion to dismiss and remand the cause for the trial court to enter an order granting that motion.

Facts and Procedural History

On March 23, 2009, the plaintiffs sued American Suzuki and Varsity Suzuki, Inc. (“Varsity Suzuki”), and Shoals Suzuki, Inc. (“Shoals Suzuki”), local Suzuki dealerships,[2] and Charles Gary Linam, the owner of the dealerships (hereinafter sometimes referred to collectively as “the defendants”), alleging breach of contract based on Suzuki vehicle warranties, diminution in value of their vehicles, fraudulent misrepresentations, and unjust enrichment. The plaintiffs purported to bring the action on behalf of themselves and all members of a class composed of individuals who had purchased Suzuki vehicles from the defendants and who have active warranties or service contracts on those vehicles.
According to the complaint, new Suzuki vehicles carry a manufacturer’s warranty that provides, among other things, a bumper-to-bumper warranty for 3 years or 36,000 miles and a power-train warranty for 7 years or 100,000 miles. The complaint further alleged that the defendants also sold purchasers of Suzuki vehicles extended warranties and maintenance agreements.
The plaintiffs alleged that they own Suzuki vehicles that were sold to them by the defendants and that they have active warranties on those vehicles. The plaintiffs further alleged that, in early March 2009, “the defendants closed dealerships in Lauderdale, Colbert, and Madison Counties, Alabama, and [that] there are no other Suzuki dealerships closer than Nashville, Tennessee, Murfreesboro, Tennessee, or Birmingham, Alabama, to perform service work on the warranted vehicles.”[3] As a result of the dealerships being closed, the plaintiffs alleged, they were “constructively barred from obtaining warranty work on their vehicles”; all the plaintiffs’ claims derive from that allegation. The plaintiffs sought damages and requested that the defendants “be required to provide such services as are reasonably necessary to provide warranty work as contracted by plaintiffs.” The plaintiffs also sought the establishment of “a common fund ... to fund the performance required under the warranties for future service.” The complaint does not allege that either of the plaintiffs needed or sought service under the warranties on their vehicles or that any of the defendants refused to hon- or the warranties on the plaintiffs’ vehicles.
In late April 2009, American Suzuki entered into a warranty-service-provider agreement with Bentley Auto, Inc., d/b/a Bentley Suzuki Service, in Madison County. Under the agreement, Bentley Auto provides warranty service for Suzuki vehicles at a dealership in Madison County *323 that is commonly referred to as Bentley Hyundai. American Suzuki submitted to the trial court a copy of that agreement and copies of letters American Suzuki had mailed to owners of certain Suzuki vehicles informing them of the availability of warranty service at Bentley Hyundai. American Suzuki also submitted to the trial court a press release and a newspaper advertisement that announced the availability of warranty service on Suzuki vehicles at Bentley Hyundai.
On May 18, 2009, American Suzuki filed a motion to dismiss, alleging that the plaintiffs’ claims against it should be dismissed under either Rule 12(b)(1), Ala. R. Civ. P., for lack of subject-matter jurisdiction or Rule 12(b)(6), Ala. R. Civ. P., for failure to state a claim upon which relief can be granted. The plaintiffs did not file a response to American Suzuki’s motion to dismiss. As an attachment to its motion to dismiss, American Suzuki submitted copies of the applicable warranty booklets. Those booklets provide, in relevant part:
“OBTAINING WARRANTY SERVICE
“To obtain warranty service take your vehicle to the nearest SUZUKI Dealer. Present this Warranty Information Booklet. SUZUKI Dealers will perform the necessary repairs or adjustments within a reasonable amount of time and furnish you with a copy of the repair order.
“EMERGENCY REPAIRS
“SUZUKI recognizes that your vehicle may develop a serious problem needing immediate repair. If a SUZUKI Dealer is not reasonably available, warranty repairs (excluding major overhauls) may be performed at a facility other than a SUZUKI Dealer. For reimbursement consideration, present the following to your SUZUKI Dealer:
“• A copy of the vehicle registration
“• A statement of the circumstances
“• A copy of the paid receipts, indicating work performed
“• All replaced parts
“When appropriate, the dealer will reimburse you for parts at the current manufacturer’s suggested retail price, and you will be reimbursed for labor at an appropriate labor rate based on SUZUKI’S time allowance.”
(Capitalization in original.)
After holding a hearing, the trial court denied American Suzuki’s motion to dismiss on July 7, 2009. American Suzuki petitioned this Court for a writ of mandamus. The trial court stayed all proceedings in that court pending the resolution of the mandamus petition, which, as noted, we are treating as a petition for a permissive appeal. See supra note 1.

Standard of Review

“On appeal, a [trial court’s ruling on a motion to dismiss] is not entitled to a presumption of correctness. Jones v. Lee County Commission, 394 So.2d 928, 930 (Ala.1981); Allen v. Johnny Baker Hauling, Inc., 545 So.2d 771, 772 (Ala.Civ.App.1989). The appropriate standard of review under Rule 12(b)(6) is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle her to relief. Raley v. Citibanc of Alabama/Andalusia, 474 So.2d 640, 641 (Ala.1985); Hill v. Falletta, 589 So.2d 746 (Ala.Civ.App.1991). In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether she may possibly prevail. Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala.1985); Rice v. United Ins. Co. of America, 465 So.2d 1100, 1101 (Ala.1984). We note that a Rule 12(b)(6) dismissal is proper only when it appears *324 beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. Garrett v. Hadden, 495 So.2d 616, 617 (Ala.1986); Hill v. Kraft, Inc., 496 So.2d 768, 769 (Ala.1986).”
Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993).

Discussion

In their complaint below and in their submission to this Court, the plaintiffs allege that, when the local dealerships closed, “the defendants constructively breached the warranty.” As noted, all the plaintiffs’ claims against American Suzuki are derivative of that constructive-breach-of-warranty allegation.[4]
Constructive breach of warranty has not been recognized as a cognizable legal theory in Alabama. Furthermore, we have found no case in any jurisdiction in which constructive breach of warranty has been recognized as a cognizable legal theory. It is well settled that a plaintiffs complaint must plead a cognizable legal theory to defeat a motion to dismiss filed pursuant to Rule 12(b)(6). See Anonymous v. Anonymous, 672 So.2d 787, 788 (Ala.1995) (“ ‘[A] complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief under some cognizable theory of law.’ ” (quoting Rice v. United Ins. Co. of America, 465 So.2d 1100, 1101 (Ala.1984) (emphasis added))); Fitzjarrald v. City of Huntsville, 597 So.2d 1378, 1379 (Ala.Civ.App.1992) (“ ‘[I]f under a provable set of facts, upon any cognizable theory of law, a complaint states a claim upon which relief can be granted,’ it should not be dismissed.” (quoting Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala.1985) (emphasis added))); see also Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter, 607 F.3d 1029, 1032 (5th Cir.2010) (“The court’s task [in ruling on a motion to dismiss pursuant to Rule 12(b)(6), Fed. R.Civ.P.,[5]] is to determine whether the plaintiff has stated a legally cognizable claim that is plausible.... ” (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009))); Trustees of Screen Actors Guild-Producers Pension & Health Plans v. NYCA, Inc., 572 F.3d 771, 775 (9th Cir.2009) (noting that a ruling on a motion to dismiss pursuant to Rule *325 12(b)(6), Fed.R.Civ.P., “ ‘is an adjudication as to whether a cognizable legal claim has been stated’ ” (quoting 5B Wright & Miller, Federal Practice and Procedure § 1350 (3d ed.2004))); Troxelle v. United States, 319 Fed.Appx. 176, 178 (3d Cir.2009) (not selected for publication in the Federal Reporter) (affirming the district court’s order dismissing the complaint because “the complaint is legally unintelligible in that it lacks an arguable basis in law or cognizable cause of action” (citing Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989))); York v. Association of the Bar of City of New York, 286 F.3d 122, 125 (2d Cir.2002) (“To survive a motion to dismiss [pursuant to Rule 12(b)(6), Fed.R.Civ.P.], ... the complaint must allege facts which, assumed to be true, confer a judicially cognizable right of action.”); Tompkins v. United Healthcare of New England, Inc., 203 F.3d 90, 93 (1st Cir.2000) (“The complaint will survive as long as it pleads sufficient facts to warrant recovery on any cognizable theory of the case.” (citing Garita Hotel Ltd. P’ship v. Ponce Fed. Bank, F.S.B., 958 F.2d 15, 17 (1st Cir.1992))).
Furthermore, claims that are based on the breach of a manufacturer’s warranty to repair a good or to render certain services do not arise until the manufacturer actually fails or refuses to perform its obligation to repair the good or to render a service under the warranty. See Brown v. General Motors Corp., 14 So.3d 104, 113 (Ala.2009) (holding that a claim alleging breach of an automobile manufacturer’s repair warranty accrues “at the time the manufacturer breaches its contractual obligation to repair that good” and that, “before the manufacturer has failed or refused to repair any defects that might subsequently occur during the warranty period, the owner would have no right to commence an action”); see also Seybold v. Magnolia Land Co., 376 So.2d 1083, 1085 (Ala.1979) (holding that, when a party has contractually agreed to do a particular thing, a breach of the contract does not occur until the party fails to do the particular thing he or she has agreed to do); General Motors Corp. v. Green, 173 Ga.App. 188, 190, 325 S.E.2d 794, 796 (1984) (“ ‘ “[Wjhere there is an agreement to repair or replace, the warranty is not breached until there is a refusal or failure to repair.... ‘[I]t is the refusal to remedy within a reasonable time, or a lack of success in the attempts to remedy which would constitute a breach of warranty.’ ” ’ ” (quoting other cases and quoted with approval in Brown, 14 So.3d at 112)). However, in this case, the plaintiffs have not alleged either that they ever needed or sought warranty service or that they were ever denied warranty service for their vehicles.
In short, because the plaintiffs have failed to plead a legal theory that is recognized in this state, or, for that matter, in any jurisdiction, and because the plaintiffs have neither sought nor been denied service for their vehicles under the warranties, the plaintiffs have failed to state a claim upon which relief can be granted. Thus, the trial court erred by denying American Suzuki’s motion to dismiss the plaintiffs’ complaint pursuant to Rule 12(b)(6), Ala. R. Civ. P.

Conclusion

Based on the foregoing, we reverse the trial court’s order denying American Suzuki’s motion to dismiss, and we remand the cause for the trial court to enter an order granting American Suzuki’s motion to dismiss pursuant to Rule 12(b)(6), Ala. R. Civ. P.
REVERSED AND REMANDED WITH INSTRUCTIONS.
*326 MALONE, C.J., and STUART, BOLIN, MURDOCK, MAIN, and WISE, JJ., concur.

. Rule 5(a), Ala. R.App. P., provides:
"A party may request permission to appeal from an interlocutory order in civil actions under limited circumstances. Appeals of interlocutory orders are limited to those civil cases that are within the original appellate jurisdiction of the Supreme Court. A petition to appeal from an interlocutory order must contain a certification by the trial judge that, in the judge’s opinion, the interlocutory order involves a controlling question of law as to which there is substantial ground for difference of opinion, that an immediate appeal from the order would materially advance the ultimate termination of the litigation, and that the appeal would avoid protracted and expensive litigation. The trial judge must include in the certification a statement of the controlling question of law.”
The trial court has not issued the certification required by Rule 5(a), Ala. R.App. P.; however, ‘‘[i]n the interest of expediting decision,” Rule 2(b), Ala. R.App. P., and of "assurpng] the just, speedy, and inexpensive determination of every appellate proceeding on its merits,” Rule 1, Ala. R.App. P., this Court has suspended the requirements of Rule 5 in this appeal. See Ex parte Burch, 730 So.2d 143, 146 (Ala.1999) ("[Tjhis Court has recognized *322 that it has the discretion to treat a mandamus petition ... as being, in reality, a petition for permission to appeal pursuant to Rule 5, Ala. R.App. P.”); Mashner v. Pennington, 729 So.2d 262, 262 (Ala.1998) (“We treated the mandamus petition as a petition for permission to appeal (see Rule 5, Ala. R.App. P.), and we granted that permission.”).

. According to the complaint, when the plaintiffs purchased their Suzuki vehicles Linam owned and operated Varsity Suzuki in Madison County and Shoals Suzuki in both Colbert County and Lauderdale County. In its mandamus petition, American Suzuki states that the correct name of the dealership in Madison County owned by Linam was Suzuki of Huntsville and that Varsity Suzuki is actually located in Tupelo, Mississippi. It appears that Linam owned all three dealerships.

. The complaint states that Burns is a resident of Colbert County and that Hearn is a resident of Lauderdale County.

. The plaintiffs’ breach-of-contract claim alleges that the defendants “have constructively breached the duty to perform warranty services in a reasonably efficient manner by closing all dealerships located in North Alabama and closing all service departments and have provided no reasonable, alternative means of obtaining warranty service to the plaintiffs.” The diminution-of-value claim alleges that the value of the plaintiffs’ vehicles was diminished “as a result of the breach of warranty by the defendants and the failure to provide warranty services in a reasonable manner.” The fraudulent-misrepresentation claims are based on allegations that the defendants "represented to plaintiffs that the vehicles would be warranted by defendants and that service under the terms of the warranty could be obtained from the local dealership where the automobiles were purchased” and "assured plaintiffs that service would be available locally at the dealerships when needed.” Lastly, the unjust-enrichment claim alleges that “the defendants would be unjustly enriched if allowed to keep the money which was prepaid in advance for services to be rendered and warranty work."

. We note that Rule 12(b)(6), Ala. R. Civ. P., is identical to its federal counterpart, Rule 12(b)(6), Fed.R.Civ.P., in that both rules provide that a party may assert by motion the defense of “failure to state claim upon which relief can be granted.” As we have often stated, we look to the federal courts' interpretation of the Federal Rules of Civil Procedure when those rules are similar to our own. See Kissic v. Liberty Nat'l Life Ins. Co., 641 So.2d 250, 251 (Ala.1994).